# SUPREME COURT OF TEXAS.

## AUSTIN TERM, 1858.

### Isaac Cooper v. H. D. Marchbanks.

In order to sustain proceedings under the statute of 1848, regulating proceedings in cases of forcible entry and detainer. (Hart. Dig. Art. 1431,) the plaintiff claiming possession of premises, under this statutory remedy, must show himself entitled, by stating clearly in the complaint, the essential facts of his case.

It is not a sufficient compliance with this rule, that the complainant avers, generally, that he is entitled to the possession of the premises; his complaint, verified by affidavit, must contain facts, and not merely legal conclusions.

See the opinion in this case, as to the averments requisite to support a suit in each of the three several cases provided for by said statute, in order to entitle a party to the extraordinary remedies given by it.

A party may be entitled to the possession of lands, tenements, or other real property, and that too, as against one holding over after the determination of a lease, and still may not be entitled to recover his possession by invoking the swift remedy of the statute of forcible entry and detainer.

In this case, the court, being of opinion, that the court below erred, in overruling the exceptions of the defendant in error, on the trial, to matters affecting the right of action against him, reversed the judgment rendered in favor of said defendant in error, on the merits, in the court below, and dismissed the case, notwithstanding no assignment of error was filed by the defendant in error.

It seems, that an affidavit to a petition for certiorari may be made before the deputy clerk of the court where the suit is instituted, and need not be authenticated by the seal of the court.

Error from Ellis. Tried before the Hon. Nat. M. Burford. The petition for certiorari in this case was sworn to by H.

D. Marchbanks, the defendant in error, on the 20th day of February, 1856, before Benjamin F. Hawkins, deputy clerk of the District Court of Ellis county, and the petition filed March 25th, 1856. On the 20th day of June, 1857, the plaintiff moved to dismiss the petition for certiorari: "1. Because it does not show to have been sworn to before any officer authorized to administer oaths; in not having any official seal attached thereto: 2. Because the petition purports to have been sworn to before the deputy clerk of the District Court;" which motion was overruled at the December Term, 1856, and the ruling excepted to · by the plaintiff, and assigned by him for error.

The defendant brought the case to the District Court by certiorari. On the trial, the exceptions of the defendant to the affidavit, and writ of forcible entry and detainer, being overruled, a jury was waived, and cause submitted to the court; and judgment was rendered, upon hearing the merits, in favor of the defendant, Marchbanks. The plaintiff prosecuted this writ of error, and assigned various grounds of error; the only one of which, in view of the opinion of the court, material to be noticed, being the overruling by the court below of the motion of the plaintiff to dismiss the petition for certiorari. The defendant in error filed no assignment of errors. The other facts are stated in the opinion.

*Berry* and *Bradshaw*, for plaintiff in error.

*J. W. Ferris*, for defendant in error.

BELL, J. This suit was originally instituted by Cooper, before a justice of the peace in the county of Ellis, under the statute of 1848, regulating proceedings in cases of forcible entry and detainer.

The justice gave judgment for the complainant, Cooper, and awarded a writ of restitution of the premises described in the complaint. The case was taken to the District Court by writ

of certiorari, and after various proceedings, the District Court rendered judgment that Cooper should take nothing by his suit. The case is brought into this court by writ of error.

The complaint of Cooper, before the justice, was as follows; "I, Isaac Cooper, do solemnly swear that I am justly entitled "to the possession of lots No. One and Two, in block No. Four- "teen, in the town of Waxahatchie, together with the storehouse "and warehouse thereon situated, and have been entitled to the "possession of the same since the first day of January, A. D. "1856 ; and I further solemnly swear, that one Harold D. "Marchbanks unlawfully and wilfully holds over said premises, "storehouse and warehouse, and unjustly detains possession of "the same from affiant, and still refuses to give possession, "though possession of the same has been demanded in writing, "of the said H. D. Marchbanks, on behalf and in the name of "affiant." This statement was properly verified by affi- davit.

This complaint was excepted to by the defendant, March- banks, before the justice, on the ground that it did not disclose by what right the complainant was entitled to the premises in controversy, and that it did not aver that the relation of landlord and tenant existed between the parties, and that Marchbanks was holding over after the determination of a lease.

The justice overruled these exceptions. The same excep- tions were urged in the District Court, and were overruled.

We are of opinion that the complaint was not sufficient, and that the exceptions to it were well taken. The sufficiency or insufficiency of the complaint is to be ascertained by reference to the first section of the Act of March 15th, 1848, on the sub- ject of forcible entry and detainer. The statute has refer- ence to three classes of cases. One is, where any person shall make an entry into any lands, tenements, or other real pro- perty, where entry is not given by law ; another class of cases is, where any person shall make entry by force into any lands, tenements, or other real property ; and the third class of cases

is, where any person shall wilfully, and without force, hold over any lands, tenements or other real property, after the determination of the time for which such lands, tenements, or other real property were let to him, or to the person under whom he claims, after demand made in writing for the possession thereof, &c. (Hartley's Dig. Art. 1431.)

The cases here enumerated, are the only ones in which a party is entitled to the extraordinary remedy given by the statute. We are of opinion, that when a party claims the remedy of the statute, he must show himself entitled to that remedy, by stating clearly the essential facts of his case in his complaint. In the complaint before us, the complainant says, that he is entitled to the possession of the premises. This is a conclusion of law, rather than a matter of fact. The statute requires the complaint to be verified by affidavit. It must therefore contain facts, and not legal conclusions only. If the case is one of an entry into lands, tenements, or other real property, where entry is not given by law, the complainant must state the fact, and also the fact of his own possession. If the case is one of forcible entry, that fact must be stated, and also the fact of the complainant's possession. If the case is one where a tenant wilfully holds over, after the determination of his lease, or of the lease of the person under whom he claims, the complainant must state the fact of the lease, the time of its determination, and the facts which entitle him to the possession of the premises, and to the remedy of the statute. A party may be entitled to the possession of lands, tenements, or other real property, and that too, as against one who is holding over after the determination of a lease, and still he may not be entitled to recover his possession by invoking the swift remedy of the statute of forcible entry and detainer.

Being of opinion, then, that the complaint in this case was not sufficiently certain, inasmuch as it did not state the facts which entitled the complainant to the possession of the premises, and to the remedy of the statute, we think the court below erred in overruling the defendant's exceptions to the

complaint; for which error the judgment of the court below must be reversed, and the cause dismissed. It is, therefore, ordered accordingly.

Reversed and dismissed.