JOHN DICKINSON & CO. v. JAMES W. LOTT.

The 5th section of the act of 16th February, 1852, "to amend the statute of limitation," &c., reads as follows: "The statute of limitation of this State shall not be made available to any person in any suit in any of the courts of this State, unless it be specially set forth as a defense in their answer." (Paschal's Dig., Art. 4629, Note 1037.)

The defense must unquestionably be presented in a manner pertinent to the issue to be decided; and since, in determining the issues of law, the court does not look to the pleas in bar, it cannot be considered in passing upon the demurrer, as set forth in the matter of defense, upon which the court is acting.

The case of Leavitt v. Gooch, 12 Tex., 95, explained to have been decided by
the judge on the whole case. That case was also decided before article 4629
was enacted.

An immaterial amendment cannot control the case, especially where the same
thing had been substantially averred in the petition.

If the plaintiff rely upon a promise in writing of the justice of the claim to
take the case out of the operation of the law, the issue as to whether the
writing referred to the original debt declared on is a question of fact for
the jury upon all the evidence in the case, and not one of law for the court
upon exceptions. (Paschal's Dig. Art. 4617 *a*, Note 1027 *a*.)

The court may determine that the letters, if applicable, are sufficient.

ERROR from Austin. The case was tried before Hon.
GEORGE W. SMITH, one of the district judges.

For clearness, a full history of the case is given.

Plaintiffs brought suit in the district court of Austin
county, on the 3d of February, 1859, against James W.
Lott, for $224 09, being the amount of an account for cash
furnished and merchandise, &c., sold and delivered by
plaintiffs to said Lott on the 15th and 31st of December,
1855, including in the above amount the usual interest and
commissions charged by commission merchants. Among
other matters plaintiffs alleged in their petition, "that said
amount remains wholly unpaid; that during the months
of March and April, in the year 1857, they (plaintiffs) re-
ceived two several letters from the said Lott, the defend-
ant, to wit, one dated the 20th March, the other dated 13th
April, in the said year 1857, in both of which letters said
Lott acknowledged his indebtedness to petitioners, and ex-
pressed a willingness and determination to pay the same;
said letters, marked 'B' and 'C,' are hereto appended and
made part of this petition."

The letters are as follows:

"TRAVIS, *March* 20, 1857.

"Mr. JOHN DICKINSON.

"DEAR SIR: Your letter has come to hand, and I hasten
to reply. As regards the money I am owing you, I prefer

seeing you before I make a new note, as I shall be down to Houston by the 10th of April. I am trying to collect in order to settle with you when I come down; but, if I should fail to collect, I will take it as a great favor to hold on until I can make a crop. I hope you are not uneasy about the matter, as I have been tolerably punctual in settling with you. Bad crops last year made everybody slow in settling. Nothing more. Yours, truly,

"JAMES W. LOTT."

"APRIL 13, 1857.

"Mr. JOHN DICKINSON.

"DEAR SIR: I expected to have been down to Houston before this, but we have such bad luck with our crops, having to plant over so often on account of the frost, that it will be sometime in May before I can leave home. We had a snow-storm night before last, and some frost last night, which has injured my cotton so much that I am afraid I will have to plant over again. I am much better off than some of my neighbors, as I have plenty of seed, and will plant until I get a stand. I hope you will not get uneasy about our business, as I intend to get through with my debts this season, if I have to sell property to do it, though I am in great hopes of a good cotton crop yet. Corn will be cut short, no doubt. Yours, truly,

"JAMES W. LOTT."

"Petitioners allege that the indebtedness acknowledged in said letters is the indebtedness as set forth in the account "A." And your petitioners further allege, that although by the writing of said letters, he, the said Lott, became both legally and equitably bound to pay said amount, he has wholly failed."

The defendant demurred, denied all and singular plaintiffs' allegations, plead the statute of limitation of two years, and answered to the merits, but relied on his plea

of limitation, which the court sustained, and plaintiffs had leave to amend, which they did as follows:

Now come the plaintiffs, and by leave of the court, first had and obtained, do amend their petition in the above entitled cause, and for amendment say, that the letters in their said petition mentioned, and thereto attached and made part thereof, were written and directed by said Lott to John Dickinson, as a partner and member of the said firm of John Dickinson & Co., in special and sole reference to the open account in plaintiffs' petition set forth and thereto attached; that said open account for goods, wares, and merchandise, sold and delivered and cash advanced to defendant by plaintiffs, was the only claim or demand held or owned by plaintiffs against said defendant at the dates of said letters, and that it was the only claim or demand owned or held by either said Dickinson or Sessums, as partners or otherwise, at the dates of said letters.

By leave, plaintiffs again amended their petition, and by way of replication to defendant's plea of the statute of limitation, say, "that since the accrual of the indebtedness alleged in their original petition, and within four years next before the institution of this suit and of the filing of this amendment, the defendant, by his written acknowledgment, signed by him, admitted the justness of the said debt, and promised to pay the same; wherefore they pray judgment as in their original petition," &c.

. Defendant excepted to plaintiffs' amendments, first, because not sufficient in law; second, because uncertain and indefinite; third, because the letters referred to show that they were written to John Dickinson individually;. fourth, because it is not stated where or how the written acknowledgment was made; which the court sustained, and dismissed the cause, and to all of which ruling of the court plaintiffs excepted and prosecuted error.

*Ben. T. Harris*, for plaintiffs in error.—The court below

erred in sustaining the plea of the statute of limitation. The letters declared on, and made part of the original petition, possess all the "ingredients" required to take the case out of the operation of the statute. They bear the test of the strictest construction yet placed upon the statute by this court. I insist that they contain an unqualified admission of a subsisting mature indebtedness to the plaintiffs. The language is plain, positive: "the money I am owing you," without qualification, without condition. In the case of Smith v. Fly, 24 Tex., 353, which is the latest adjudication in point, it is said, "the acknowledgment, to have the effect to take the case out of the operation of the statute, must contain an unqualified admission of a subsisting indebtedness." The rule stated in the case of Bell v. Morrison, 1 Pet., and which has long been the rule of this court, is, "that the acknowledgment must show positively that the debt is due, either wholly or in part, and must be unqualified."

The letters amply show the "justice of the claim," as defined by this court in the case of Webber v. Cochrane, 4 Tex., 37.

The letters recognize the existence of the debt, and declare the writer's willingness and intention to pay it. (Coles v. Kelsey, 2 Tex., 558.)

*Hunt & Holland,* for the defendant in error.—We contend that the court did not err in its rulings, for the petition shows upon its face that the cause of action was clearly barred. The account bears date December, 1855; the suit was commenced February 3, 1859; and as for the letters, a careful reading of them will conclusively show that they have not, and were never intended to have, any reference whatever to the account sued on; they contain no acknowledgment of or promise to pay this debt; hence the petition was demurrable. Both letters are directed to John Dickinson, and not to Dickinson & Co. The first

letter, called letter "B," in answer to one from Dickinson, says: "As regards the money I am owing you, I prefer seeing you before I make a new note." Then how can that letter, by any reasonable construction of language, be made to apply to the account sued on, for which no note was ever executed? For if any note was ever executed for this account, surely the note would have been sued on, and not the account.

The second letter, written twenty-three days afterwards, has reference to the same subject-matter as the first, and simply offers an excuse or reason why Mr. Lott did not go down to Houston at the time he expected.

John Dickinson carries on one business, Dickinson & Sessums another. An ingenious effort is made to make the letters written to Dickinson about the making of a new note to him apply to the account of Dickinson & Sessums.

" An acknowledgment may be indefinite in respect to the intended application of it to a particular debt, and it ought clearly to appear, in all cases, that it relates to the identical debt which is sought to be recovered upon the strength of it." (Sands v. Gelston, 15 Johns., 511; Ang. on Limit., 254–255, and following.)

Without quoting the different authorities, the court is referred to the opinion of Judge Story, in the case of Bell v. Morrison, 1 Peters, or 7 Curtis' Supreme Court Reports, in which the authorities are collected and examined, and it is submitted that pages 620 and 622 of the Curtis edition are conclusive of this case. (See also Smith v. Fly, 24 Tex., 353.)

MOORE, C. J.—The judgment in this case cannot be sustained, upon the ground, that the account upon which the suit is brought is not referred to or embraced within the terms of the letters upon which the plaintiff relies as an acknowledgment of the justice of his claim, and that the alleged cause of action therefore appears, from the

face of the petition, barred by the statute of limitation. For although limitation is pleaded in bar to the suit, it is not set up by way of exception or demurrer. It is expressly provided by statute, that "limitation shall not be made available in any suit, unless it is specially set forth in the answer as a defense." (Sec. 5, act of 16th February, 1852.) It must unquestionably, however, be presented in a manner pertinent to the issue to be decided. And since, in determining the issues of law, the court does not look to the pleas in bar, it cannot be considered, in passing upon the demurrer, as set forth as a defense in the matter upon which alone the court is acting. A hasty perusal of the case of Leavitt v. Gooch, 12 Tex., 95, might leave the impression that a different rule had been recognized by this court. But it will be seen, from an examination of the record in that case, that a jury was waived and the *case* submitted to the court; and it was for this reason the judgment was sustained, there being at most a mere irregularity in the form of the judgment. But if this were not so, as this case was decided in the district court before the passage of the law to which we have referred, it cannot be regarded as an authority upon the point. If, therefore, the judgment of the court below in this case was given upon the supposition that the cause of action appeared from the petition to be barred by the statute of limitations, it must be pronounced erroneous. And as this is the only ground presented to us in support of the judgment, we do not feel called upon to do more than express our opinion upon it. To obviate any misconstruction, however, we will add, that we are of opinion, that the fourth special exception to the amended petition should have been sustained; but this did not authorize the general judgment against the plaintiff, for this amendment is certainly not vital, if in fact at all material, to the plaintiff's case. If, as is probable, it were intended by the amendment to refer to the defendant's letters, which are set out in the original petition, and to

charge an acknowledgment in writing by them of the jus-
tice of the plaintiff's claim, it is certainly unnecessary,
for that had already been sufficiently done in the original
petition.

Whether the letters relied upon refer to the account on
which the suit is brought, is a question of fact for the de-
termination of the jury, when all the evidence bearing
upon the point shall be properly presented to them, upon
which it would be improper for us now to express an opin-
ion.    If the letters refer to the account upon which the
suit is founded, they are evidently a sufficient acknowledg-
ment in writing of the justice of the plaintiff's claim to
relieve him from the bar of the statute.    This is as far as
in the present attitude of the case we need inquire.

The judgment is reversed, and the cause

REMANDED.