# SUPREME COURT OF TEXAS.

## GALVESTON TERM, 1879.

50 555
81 378

---

### D. PORCHELER v. JOHN M. BRONSON, ADM'R OF R. W. BARROW.

1. SUIT ON FOREIGN JUDGMENT.—In the absence of an averment in the petition on a foreign judgment, of a law, custom, or procedure in the court where the judgment was rendered requiring a different construction, such judgment will be construed to have the same legal effect as if it had been rendered in our own courts.
2. CHARGE.—It is the duty of the court to construe a foreign judgment when sued on, and not for the jury, upon evidence.
3. PLEADINGS NOT SUPPLIED BY EVIDENCE.—Want of material averment as to a judgment cannot be supplied by evidence on the trial.
4. EFFECT OF FOREIGN JUDGMENT—FORECLOSURE.—A foreign judgment for foreclosing a mortgage will be construed to extend no further, unless it be shown by averment and proof that such judgment when rendered had additional effect.
5. CONSTRUCTION AND EFFECT OF JUDGMENT.—It seems that the court would not so construe such judgment, with aid of averment and proof, where the transcript of the proceedings shows no prayer for a personal judgment, and where the judgment clearly extended no further than to decree a foreclosure of a mortgage.
6. CORRECT DECISION FOR WRONG REASON.—That the judge below rendered a correct judgment upon a wrong reason, (as in this case, had the special exception improperly been the cause of the judgment while the petition was subject to general demurrer,) would be no ground for reversal.

APPEAL from Victoria. Tried below before the Hon. H. Clay Pleasants.

D. Porcheler sued appellee upon a judgment alleged to have been rendered in the Fifth District Court of the parish of Orleans and State of Louisiana, in favor of D. Porcheler and against R. R. Barrow, stating its amount, &c. He alleged

that it had never been paid and remained in full force and effect, not reversed, satisfied, or otherwise vacated. He attached to his petition a copy of the judgment and alleged presentation thereof to Bronson, administrator, and its rejection, and prayed for judgment.

Bronson, administrator, demurred generally and specially, alleging for special demurrer that the judgment sued on was not a judgment against Barrow personally, but a judgment against him in a representative capacity alone, and for answer pleaded payment.

This special exception was sustained by the court, and, plaintiff declining to amend, there was final judgment against him, that the case be dismissed and that he pay all costs. From this judgment the plaintiff appealed. The additional facts are given fully in the brief of appellant, which is full and accurate in its statement.

*A. B. Peticolas*, for appellant.

I. When a judgment of another State of the United States is sued on, and it appears from the pleadings that the judgment where rendered is claimed to be a valid judgment against the defendant therein personally, whether it is such a judgment or not, depends upon the question what the laws of that State are, which question is a question of fact, to be proved and found as other facts in the case, and such a judgment cannot by the court be pronounced merely a judgment against defendant in a fiduciary capacity, on demurrer, and as a pure question of law.

The petition alleges that on the 10th of March, 1873, at the March Term of the Fifth District Court of the parish of Orleans and State of Louisiana, the same being a court of record having jurisdiction to hear and determine, the judgment sued on was rendered.

Attached to the petition and made a part of it, is an authenticated copy of the judgment sued on, the transcript of which embraces the petition, the citation, the answer, and

the judgment rendered in the said Louisiana court.  Petition further alleges that the judgment thereto attached remains in full force and effect, not reversed, not satisfied, nor otherwise vacated; avers presentation to and rejection by the administrator Bronson, and prays for judgment.  The petition in the original suit in Louisiana is signed by Hornor & Benedict, attorneys, and declares upon a promissory note drawn by Barrow to his own order and by him indorsed, dated at New Orleans November 8, 1871, for $2,500.

It alleges that to secure the payment of the note, costs, and attorney's fees, Barrow individually, as the testamentary executor of his deceased wife and as the natural tutor of his minor children, executed a mortgage on certain real estate described, and prays that Barrow individually, as the executor of his deceased wife and as natural tutor of his minor children, may be cited, and that after due proceedings petitioner have judgment recognizing his mortgage on the property described for $2,500, interest, costs, and attorney's fees, and that the mortgaged property be sold.

Citation issued exactly as prayed for.  Sheriff's return shows service on Barrow individually, as executor of his wife, &c.  Barrow's answer sets up, (1) that Barrow is not the legal owner of the note; (2) that the mortgaged property belongs to minors; (3) that the mortgage and note were signed by him only in his individual capacity.

The judgment rendered March 10, 1873, adjudges that there be judgment in favor of plaintiff Porcheler against R. R. Barrow individually, as the testamentary executor of his deceased wife, Voluminia W. Barrow, and as the natural tutor of his minor children, Voluminia R. Barrow and Robert R. Barrow, recognizing plaintiff's special mortgage on the property described in his petition for the sum of $2,500 and interest, for costs and attorney's fees, and ordering sale of the property.

Appellee's special exception is "that the judgment is not

against Barrow personally, but in his representative capacity alone."

The judgment of the District Court of Victoria county was that the defendant's demurrers be sustained; that the case be dismissed, and that plaintiff pay costs.

The bill of exceptions of plaintiff shows that only the special exception of the plaintiff was sustained, and that was sustained because, in the opinion of the court, "said judgment was not a judgment against Barrow personally"; and to this ruling plaintiff Porcheler excepted on two grounds—

1st. Because the judgment is one of the State of Louisiana, and is alleged in the petition to be a valid judgment against Barrow personally, and whether it is such a judgment or not, is not a pure question of law, but a mixed question of law and fact, and depends upon the laws of Louisiana, to be hereafter offered in evidence to establish the validity of the judgment against Barrow personally; and the court could not, in advance of said proof being made, determine whether it was valid or not, as a personal judgment against Barrow.

2d. Because it was entitled to the same faith and credit, validity and efficacy, in Texas as in Louisiana; and what its validity and efficacy there were, depended upon the law and custom of Louisiana, which was a question of fact not to be determined on exception. (Paschal's Dig., art. 3709; Crosby *v.* Huston, 1 Tex., 231; Bradshaw *v.* Mayfield, 18 Tex., 28; 1 Greenl. Ev., secs. 487, 488; Clemmer *v.* Cooper, 24 Iowa, 185; Grover *v.* Grover, 30 Mo., 400; Hall *v.* Williams, 10 Maine, (1 Fairf.,) 278; Holton *v.* Gleason, 26 N. H., 501.)

II. The judgment sued on is sufficient to authorize a judgment thereon against Barrows, administrator, here; for when tested by the laws of the State of Texas it is a personal judgment.

The second ground of plaintiff's exception to the ruling and judgment of the court below on the demurrer is, because the judgment, [sued on] properly construed, was a personal

judgment against Barrow, as shown by the whole transcript of the record, the words used being simply *descriptio personœ*. (Gregory *v.* Leigh, 33 Tex., 813; Stevens *v.* Morris, 35 Tex., 709; Hall *v.* Pearman, 20 Tex., 170; Claiborne *v.* Yoeman, 15 Tex., 44; Gayle *v.* Ennis, 1 Tex., 184.)

*Lackey & Stayton*, for appellee.

I. When a suit is brought upon a foreign judgment, if there be no ambiguity in it, it is the duty and the right of the court trying the cause to determine the legal effect of such judgment upon the transcript, without resorting to proof *aliunde*. (Fisk *v.* Miller, 20 Tex., 581; Beatty *v.* Gates, 4 Ind., 155; 1 Greenl., sec. 86; Kimball *v.* Merrick, 20 Ark., 13; Elliott *v.* Peirsol, 1 Pet., 340; Gay *v.* Welles, 7 Pick., 219; Green *v.* Clark, 5 Denio, 505.)

II. If there be anything peculiar in the laws of the State of Louisiana, or in the customs of procedure in the courts of that State, by which the judgment sued upon became a personal judgment against Robert R. Barrow for money, then the appellant should have alleged such laws or customs of procedure as facts to authorize proof of the same. (1 Tex., 231; 18 Tex., 28, 29; 1 Greenl., sec. 486; 3 Iowa, 483.)

The appellant did not allege the existence of any law or custom of procedure in the State of Louisiana which would control the legal effect of the judgment sued upon and make it a personal judgment for money against Robert R. Barrow, but declined to amend his pleadings and set up any such facts.

III. Judgments are presumed to follow the obligations they enforce; but when the prayer in the petition does not follow the obligation, this presumption does not exist. (The United States *v.* Hawkins, 4 Mart., (N. S.,) 319, 320.)

IV. The judgment sued upon was not a personal judgment for money against Robert R. Barrow.

The judgment sued upon, so far as material, was in words and punctuation as follows: "It is ordered adjudged and

decreed that there be judgment in favor of plaintiff Dominique Pocheler and against defendant Robert Ruffin Barrow individually as the testamentary executor of his deceased wife, Volumnia W. Barrow, and as the natural tutor of his minor children, Volumnia R. Barrow and Robert R. Barrow, Jr.; recognizing plaintiff's special mortgage on the property described in his petition, for the sum of two thousand five hundred dollars with eight per cent. per annum interest thereon from January 1st, 1873; five per cent attorney's fees; five dollars costs of copy of acts, one $\frac{50}{100}$ dollars costs and certificate of record and costs of suit."

It is further ordered that "said property be seized and sold for the payment and satisfaction of plaintiff's said mortgage as aforesaid."

The citation served was as follows, in words and punctuation, to wit: "Mr. R. R. Barrow, individually as testy executor of his deceased wife Volumnia W. Barrow and as natural tutor of his minor children, named Volumnia R. Barrow and Robert R. Barrow Jr. of New Orleans. You are hereby summoned to comply with the demand contained in the petition of which a copy accompanies this citation," &c.

The return upon the citation, so far as material, was as follows, in words and punctuation, to wit: "Received January 14th, 1873, and on the fifteenth day of the same month and year served copy of the within citation and accompanying petition on Robert R. Barrow individually as testamentary executor of his deceased wife, &c., by leaving the same at his domicil."

There was a special prayer for a judgment recognizing the mortgage sued upon, and for foreclosure and sale of the mortgaged property.

Barrow set up in his answer that the note and mortgage sued upon should not have been executed by him in his individual capacity, but in his representative capacity as tutor.

The transcript of the judgment sued upon was made a part of appellant's petition.

MOORE, CHIEF JUSTICE.—The legal effect of a judgment upon which suit is brought, whether it be a domestic or foreign judgment, is to be determined by the court, and not the jury. In the absence of an averment in the petition, of a law, custom, or procedure in the courts of the State where the judgment was rendered requiring a different construction to be given it, a foreign judgment must be interpreted and held to have the same legal effect as if it had been rendered by our own courts. (Bradshaw *v.* Mayfield, 18 Tex., 21.) If by the law or usage of the State from which the judgment comes it has a different force and effect from that which a similar judgment by our courts would have, like force and credit will be given to it here as it has where rendered; but, to enable the court to see that it is entitled to the credit claimed for it, the law or usage entitling it to this effect, must be averred. (Taylor. *v.* Runyan, 3 Clark, (Iowa,) 474.) If there is no averment of a law or usage of the State where the judgment is rendered entitling it to the legal effect asked to be given it, the petition is defective, and should be so held by the court, if excepted to. It is no answer to the demurrer to say that the existence of the law or usage which entitles the judgment to the effect claimed for it, is a question of fact, even if the evidence to prove the law should be submitted to the jury instead of to the judge, contrary to what Mr. Greenleaf says seems to be the better opinion. (1 Greenl. Ev., sec. 486; Story's Confl. of Laws., sec. 683.) For as the evidence is not admissible unless its existence is averred in the petition, this concession, if made, is no answer to a demurrer to a petition seeking to give an effect to the judgment to which, in the absence of the particular law or usage, it would not be entitled.

The judgment upon which appellant's action is brought is not for the recovery of money of appellee's intestate, but for the foreclosure of a mortgage. In other words, it is not a personal judgment, but for the enforcement of a lien, for the satisfaction of an amount recovered in the judgment, by the

sale of the property therein described. Admit that the judgment bound the defendant in his individual as well as his representative character, plainly it does so merely to the extent of his interest in the property condemned to sale; and if it be also conceded that the facts alleged in the petition entitled the plaintiff to a personal judgment against the defendant for the debt named in the mortgage, still, beyond question, the petition contains no prayer for such a judgment. It is not, therefore, to be presumed, although the facts alleged would have warranted it, and when to do so would conflict with the plain language of the judgment entry. (United States *v.* Hawkins, 4 Mart., (N. S.,) 317.) Appellant, to parry the effect of this obvious defect in his petition, insists that this is not the ground upon which the court below sustained the demurrer. This may be true; and it may be, as he also insists, that this is not the precise objection to the petition presented by appellee's special exception. But, be this as it may, unquestionably the defect in the petition, is such as may be taken advantage of by general demurrer. The judgment of the court is a general one, and sustains the general demurrer as well as the special exception. The judgment being correct, it cannot be reversed merely because the judge, if such is the fact, assigned a wrong reason for his judgment. It is the judgment of the court below which we are called upon to revise, and not the reasons given by the court in support of them.

The judgment is affirmed.

Affirmed.