LONG & REESE v. A. DENNIS.

(No. 1084, Op. Book No. 2, p. 385.)

APPEAL from Bell County.   Opinion by WATTS, J.

§ **1121.** *Landlord's lien; purchaser without notice* of *lien.* The landlord's lien for rents holds for one month after the property has been removed from the rented premises, and no longer. Where cotton was purchased from sub-tenants of rented premises, without the knowledge on the part of the purchaser of where it was raised, and without notice of the landlord's lien thereon, it was *held* that the purchaser was not liable to the landlord for the cotton. The purchaser was not chargeable with the landlord's lien when he did not know as a matter of fact where the cotton was grown, at the time he purchased and paid a valuable consideration therefor.

June 8, 1881.            Reversed and remanded.

---

JOHN C. YARBROUGH v. D. T. CHAMBERLIN.

(No. 1029, Op. Book No. 2, p. 386.)

APPEAL from Milam County.   Opinion by WATTS, J.

§ **1122.** *Forcible entry and detainer; complaint in; requisites of.* In a case of forcible entry and detainer the complaint did not show that the premises or any part thereof were situated in the justice's precinct where the suit was instituted, nor that the relation of landlord and tenant existed between plaintiff and defendant. *Held,* that for the want of these averments the complaint was insufficient, and that the suit was properly dismissed by the justice of the peace, and that the appellee's *certiorari* to the county court should likewise have been dismissed. [Cooper v. Marchbanks, 22 Tex. 1; Williams v. Ball, 52 Tex. 603.] The judgment of the county court refusing to dismiss the appellee's *certiorari* and adjudging the possession of the premises to appellee was reversed and the suit dismissed.

June 22, 1881.            Reversed and dismissed.