Brisbane v. Dobson.

LODOISKA   M.   BRISBANE,   Defendant   in   Error,   v. CHARLES  L.  DOBSON,  Administrator, Plaintiff in Error.

1. **Divorce:** ACTION ON FOREIGN DECREE FOR ALIMONY.  An action at law can be maintained in this state on a decree for alimony rendered in a court of competent jurisdiction in another state.

2. **Decree:** LAW ACTION.  In every instance in which an action for debt can be maintained upon a judgment at law for a sum of money awarded by such judgment, the like action can be maintained upon a decree in equity which is for an ascertained and specific amount and nothing more; and the record of the proceedings in the one case must be ranked with and responded to as of the same dignity and binding obligation with the record of the other.

3. **Divorce:** ENGLISH ECCLESIASTICAL COURTS: ARREARS OF ALIMONY. Though the courts of equity in England may have ordinarily refused to enforce the decrees of the ecclesiastical courts for the payment of the arrears of alimony for more than a year next preceding the application therefor unless under special circumstances, yet our courts are not to be guided or controlled by any such practice, where the action is one at law in this state to enforce a foreign decree for alimony in arrears.

*Appeal  from  the  Jackson  Circuit  Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

*Dobson, McCune & Doggett*, for plaintiff in error.

(1)  In the jurisdiction in which the decree was granted, the court which granted it is the proper court to enforce it.   In the other courts of the state of New York an action of debt could not be brought on the decree for alimony.   The constitution of the United States does not require that any greater faith or credit should be given in one state to a decree of a sister state than it has in the state of its rendition.   1 Bishop on Marriage, Divorce & Separation, sec. 917; 2 Bishop on Marriage, Divorce & Separation, secs. 847, 1099, and cases *supra*.   (2) Alimony is not a debt.   Arrears thereof will not be enforced for more than a year prior to the application therefor.   *Perkins v. Perkins*, 18 Cal. 60; *Carlton v. Carlton*, 44 Ga. 216; *Menzie v. Anderson*, 65 Ind. 239; *Daniels v. Lindley*, 44 Iowa, 567; *Pain v. Pain*, 80 N. C. 322; *DeBlaquiere v. DeBlaquiere*, 3 Hag. Ec. 322; 2 Bishop on Marriage, Divorce & Separation, sec. 1098; 2 Bishop on Married Women, secs. 230, 233, 235.   (3) The action, if any could be brought in this state, should have been brought on the equity side of the court if there was danger of losing alimony.   "For such a purpose, both the equity courts of the United States and the same courts of the states have jurisdiction."   *Barber v. Barber*, 21 How. (U. S.) 582, 591. If the state courts of equity have jurisdiction, then the action at law does not lie.   In England it was the courts of chancery that had jurisdiction to enforce payment of alimony decreed by the ecclesiastical courts. *Shaftoe v. Shaftoe*, 7 Ves. 171; *Dawson v. Dawson*, 7 Ves. 173; *Haffey v. Haffey*, 14 Ves. 261; *Coglar v. Coglar*, 1 Ves. Jr. 94.   The test is, could the decree for alimony be assigned to a third party, and suit at law instituted thereon?   Was such an action ever heard of? The New York court was the proper court to enforce

the decree, and the petition does not show that the
remedies in that state have been exhausted. *DeBlaquiere
v. DeBlaquiere*, 3 Hag. Ec. 126; Bishop on Marriage,
Divorce & Separation, *supra.*

*Thompson & Wilcox*, for defendant in error.

(1)    The court had jurisdiction of the parties.
They were in court.    The court had jurisdiction of the
subject-matter.    R. S. 1889, sec. 3318.    (2) Plaintiff
in error waived a jury, tried the case without objection
as a law case, and cannot now raise the question for
the first time whether it is a law or equity case.
*Whetstone v. Shaw*, 65 Mo. 575; *Leitch v. Miller*, 40
Mo. App. 180.    It is, therefore, unnecessary to con-
sider whether the case was a law or equity case    (3)
The petition states a cause of action if any action at all
lies on a decree for alimony.    That such an action does
lie all authorities agree.    2 Bishop on Marriage, Divorce
& Separation, secs. 1096, 1114; *Clark v. Clark*, 6 Watts
& Serg. 85; *Becknell v. Becknell*, 110 Ind. 42; *Harsford
v. Van Auken*, 79 Ind. 302; *Barber v. Barber*, 21 How.
(U. S.) 582, 591; *Howard v. Howard*, 15 Mass. 196.
No other points being assigned for error, it is unneces-
sary to consider any other.    *Gale v. Ins. Co.*, 33 Mo.
App. 664.

SMITH, P. J.—This was an action on a foreign
decree for alimony in arrears therein.    The petition
stated that in the month of May, 1883, in the supreme
court of the state of New York, within and for the
county of Kings, plaintiff filed her bill of complaint
against the said Albert Brisbane, alleging her marriage
with said Albert Brisbane in the said state of New York,
in the year 1847, and charging said Albert Brisbane
with adultery after said marriage, and while the same

had not been annulled, and praying said court to dis-
solve said marriage and grant plaintiff a divorce from
the bonds thereof, and for a suitable allowance for
maintenance, the costs of said suit and judgment for
the costs and disbursements of said action. Whereupon
due notice of the filing of said bill was served upon said
Albert Brisbane, who, in due time, filed his answer to
the same, and in due time this plaintiff made reply.
Said court did then have jurisdiction of the parties and
subject-matter of said cause and was a court of general
jurisdiction. And, thereafter, at a special term of said
court, held in the city of Brooklyn, county of Kings,
on the twentieth day of October, 1884, final decree in
said cause was by the court made, sustaining the allega-
tions of said bill, finding said charges to be true, dis-
solving the said marriage, and ordering and adjudging
that the said Albert Brisbane pay the said Lodioska M.
Brisbane the sum of $1,820 a year from the twentieth
day of October, 1884, during her natural life, as a suit-
able allowance to the said Lodioska M. Brisbane, the
plaintiff, for her support and maintenance, and that
such allowance be paid as follows: That is to say,
that the sum of $151.66 be paid as aforesaid, into the
hands or upon the order of the said plaintiff or her
attorney of record in said action, on the first day of each
month of each year thereafter during the natural life of
the said Lodioska M. Brisbane. Said order and decree
were duly entered upon the records of said court on
May 18, 1885. No appeal, writ of error or other pro-
ceeding is now pending or can now be taken by defend-
ant to reverse or modify said decree under the laws of
New York, and said decree remains in full force. Plain-
tiff says that said sums of $151.66, which by the terms
of said decree became due on and after May 1, 1888,
are still unpaid and due this plaintiff from defendant,
that defendant has neglected and refused to pay the

same. Wherefore plaintiff prays judgment against defendant for said sums falling due on and after May 1, 1888, together with interest thereon at the rate of six per cent. in the sum of $2,516.56. The judgment was for plaintiff, and the defendant has appealed.

The only question arising on the record before us is, whether the petition states facts sufficient to support the judgment, or, in other words, whether an action at law can be maintained in a court of general jurisdiction in this state upon a duly authenticated copy of the record of a decree for divorce, and an order for the payment of alimony rendered in a court of competent jurisdiction in the state of New York. Parties to a cause for divorce and alimony are as much bound by a decree for both which has been given by one of our state courts having jurisdiction of the subject-matter, and over the parties, as the same parties would be if the decree had been given in the ecclesiastical court of England. The decree in both is a judgment of record and will be received as such by other courts. And such a judgment or decree rendered in any state of the United States, the court having jurisdiction, will be carried into judgment in any other state to have there the same binding force that it has in the state in which it was originally given. *Barber v. Barber*, 21 How. (U. S.) 582.

In section 847 of Bishop on Marriage, Divorce & Separation, it is stated that "a decree for alimony, there being a court of competent jurisdiction, is a record to which, under the constitution of the United States, must be given full faith and credit in every other state. The courts of the [other state wherein the decree is relied upon will accord to it the effect it has under the law of the state of its rendition." The defendant is mistaken in supposing that an action of debt will not lie upon a decree of divorce and ali-

mony rendered in another state. Bishop on Marriage, Divorce & Separation, sec. 848. In *Barber v. Barber*, *supra*, it is said that alimony decreed to a wife in a divorce of separation from bed and board is as much a debt of record, until the decree has been recalled, as any other judgment for money is. Mr. Bishop, in section 1096 of his work already referred to, states that "It seems to be a sort of general doctrine that money directed in equity to be paid cannot be recovered at law, and this has been applied specially to the alimony decree rendered in foreign jurisdictions." In support of this doctrine he cites the single case of *Buskirk v. Mulock*, 3 Harr. 184. In the earlier stages of the common law its courts and judges were not willing to notice the decrees of the courts of chancery, nor to render them any assistance in carrying [them into effect. They could not, therefore, be enforced by action. But this practice does not generally obtain in the courts of the several states of the United States.

In *Pennington v. Gibson*, 16 How. 65, the general rule is declared to be "that in every instance in which an action of debt can be maintained upon a judgment at law for a sum of money awarded by such judgment, the like action can be maintained upon a decree in equity which is for an ascertained and specific amount, and nothing more; and that the record of the proceedings in the one case must be ranked with and responded to as of the same dignity and binding obligation with the record of the other." This rule has been recognized and followed in other cases. *Nation v. Johnson*, 24 How. (U. S.) 203; *Harsford v. Van Auken's Adm'r*, 79 Ind. 302; *Becknell v. Becknell*, 110 Ind. 42; *Post v. Neafie*, 3 Col. 22; *Evans v. Tatum*, 9 S. & R. 252; *Warren v. McCarthy*, 25 Ill. 95; *Tilford v. Oakley*, Hemp. 197.

An action of debt will lie to recover a sum ascertained to be due by the decree of a court of competent jurisdiction for alimony. The debt is certain, and it is proved by the record. Such a decree is in effect as much a judgment as if rendered on the common-law side of the court. *Howard v. Howard,* 15 Mass. 196.

The decree in this case for alimony being like any other judgment for money is, of course, enforceable in this state by an action at law thereon. We can see no reason why the judgment on the decree should be limited to the arrears for one year preceding the commencement of this suit. If the wife has not been paid the alimony ordered to be paid her by the husband, why should he be exempt from all of it in excess of that due for the last twelve months before she applied to have enforcement of it in this state? If there is any reason why this is not so he should have pleaded the grounds of exemption in his answer. Though the courts of equity in England may have ordinarily refused to enforce the decrees of the ecclesiastical courts for the payment of the arrears of alimony for more than a year next preceding the application therefor, unless under special circumstances, yet we are not to be guided or controlled by any such practice where the action is one at law in this state to enforce a foreign decree for alimony in arrears. The statute of this state in relation to alimony imposes no such restrictions, nor does any rule of the common law, so that we do not feel any way bound to follow the practice referred to prevailing in the English courts of chancery, or in those courts that have adopted that practice in this country. There are, as far as we are advised, no rights of creditors of the husband infringed by giving full effect to the New York decree in this case. We think, for these reasons, that the petition states facts sufficient to constitute a

cause of action, and that the trial court, as a court of law, had jurisdiction of the action.

The judgment will be affirmed. All concur.