OGG v. OGG.

(Court of Civil Appeals of Texas. San Antonio. Feb. 18, 1914. On Motion for Rehearing, April 1, 1914.)

1. LIMITATION OF ACTIONS (§ 182*)—PLEADING AS DEFENSE—NECESSITY.

Rev. St. 1911, art. 5691, providing that no action against a person residing in this state for ten years preceding the commencement of the action shall be brought upon any foreign judgment or decree rendered more than ten years before its commencement, and article 5696, providing that judgments, where execution has not issued within 12 months after the rendition thereof, may be revived only within ten years after their date, are statutes of limitation and not available unless limitations are pleaded as required by article 5706, providing that limitations shall not be available unless specially pleaded as a defense.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 676–680, 682, 695, 705; Dec. Dig. § 182.*]

2. LIMITATION OF ACTIONS (§ 180*)—PLEADING AS DEFENSE—NECESSITY.

Under Rev. St. 1911, art. 5706, providing that limitations shall not be available unless specially set forth as a defense in the answer, limitations cannot be raised by a general demurrer.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 670–675, 681; Dec. Dig. § 180.*]

3. DIVORCE (§ 331*)—ACTIONS ON FOREIGN JUDGMENTS—BURDEN OF PROOF.

In an action on a New York judgment of divorce granting permanent alimony, payable monthly, which provided that after one year from its date plaintiff might apply for an increase or defendant for a decrease of the alimony, the burden was on plaintiff to plead and prove that, under the New York law, it was a final judgment entitled to full faith and credit, and that the right to receive alimony was not discretionary to such an extent that no absolute or vested right attached as to overdue installments, especially where the laws of the forum state do not provide for permanent alimony and the judgment could therefore not be aided by applying its laws.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 841, 842; Dec. Dig. § 331.*]

4. EVIDENCE (§ 80*) — PRESUMPTIONS—LAWS OF OTHER STATES.

In the absence of allegations and proof to the contrary, it will be assumed that the laws of another state are the same as the laws of the forum.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 101; Dec. Dig. § 80.*]

5. EVIDENCE (§ 35*)—JUDICIAL NOTICE—LAWS OF OTHER STATES.

The courts do not take judicial notice of the laws of other states, and, if relied on, they must therefore be alleged and proved.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 35, 51; Dec. Dig. § 35.*]

6. COURTS (§ 95*) — DECISIONS — COURTS OF OTHER STATES.

Where the statutes of another state are pleaded and proved, the courts will refer for their construction to the reported decisions of such state.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 322, 323; Dec. Dig. § 95.*]

On Motion for Rehearing.

7. APPEAL AND ERROR (§ 1164*)—REVERSAL—DECISION ON WRONG GROUND.

Where, in an action on a foreign judgment, though the petition did not show that it was a final judgment and entitled to full faith and credit, the demurrer was either overruled or not presented and the court erroneously entered judgment for defendant on another ground, the judgment would be reversed in order that plaintiff might amend as she might have done had the demurrer been sustained.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4523; Dec. Dig. § 1164.*]

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Action by Emma V. Ogg against Hiram E. Ogg. From a judgment for defendant, plaintiff appeals. Reversed and remanded on rehearing.

Denman, Franklin & McGown, of San Antonio, for appellant. Hertzberg, Barrett & Kercheville, of San Antonio, for appellee.

CARL, J. On April 3, 1913, the appellant, Emma V. Ogg, filed suit in the Fifty-Seventh district court, Bexar county, Tex., against appellee, Hiram E. Ogg, to recover alimony alleged to be due her under and by virtue of a certain judgment for divorce and alimony rendered in her favor June 2, 1897, in the Supreme Court of the county of Kings, state of New York. It is alleged that by this judgment the defendant was required to pay her $50 per month as alimony, the first payment to commence from the 8th day of May 1897, and to be paid on the 1st and 15th of

each month thereafter; that such payments were made for the year 1898, except May and October installments; that all installments for the years 1899, 1900, 1901, 1902, 1903, 1904, 1905, 1906, 1907, and 1908 and the installments for January, February, March, April, and June, 1909, were made, leaving due and unpaid the installments for the months of May and October, 1898, and the installments for January, February, March, April, and June, 1909, and all the installments for each month after the said month of June, 1909, up to and including the month of March, 1913, the amount claimed being $2,350 with interest. The appellee answered by general demurrer and general denial, and the matter was submitted to the court without a jury. Upon hearing the proof, the court entered judgment for the defendant, and the plaintiff has appealed.

Plaintiff below introduced the judgment roll from a Special Term of the Supreme Court of Kings county, N. Y., dated June 22, 1897, which is substantially in terms as alleged in the petition. This further provision is in such judgment: "And it is further adjudged and decreed that after the expiration of one year from the date hereof the plaintiff may apply for an increase or the defendant apply for a decrease of the alimony fixed herein upon showing a change in the financial condition of the defendant." The plaintiff herself testified that "no application has ever been made to the court which rendered the decree of divorce and judgment for alimony for modification of said decree and said decree and judgment for alimony has not been modified or vacated."

[1, 2] The trial court has decided this case upon the theory that articles 5691 and 5696 would absolutely preclude the establishment of any judgment based upon a judgment which came within their range. Taking this view, the court has held that, when it is made to appear by the judgment roll that it is more than ten years old and no execution has issued, it is an absolute nullity and no judgment can be based thereon. But it must be recalled that these are limitation statutes. While it is true they use the language that a suit may be brought thereon to revive within ten years after the date of the judgment, and not after, still practically the same language is used in article 5688 in reference to what actions are barred in four years. In this class fall actions on written instruments, etc., which it is said must be sued on in four years from the time the cause of action accrues and not afterwards. And yet can it be contended that, in view of the decisions of Texas, a suit may not be maintained and a valid judgment obtained on a note that is barred by limitation? Limitation is a privilege which must be interposed, and if not raised by plea, either special exception or pleading, or both, is waived. When not pleaded, by exception or otherwise, it is waived, and it will not be contend-ed that it can be raised by a general demurrer. The statute says it must be pleaded. Gathwright v. Wheat, 70 Tex. 740, 9 S. W. 76; Tillman v. Erp, 121 S. W. 547; Sayles' Stats. art. 3371; R. S. 1911, art. 5706.

The court below has pronounced the patient dead, and beyond resuscitation; but counsel for appellant contend that it is a protracted nap, and not death, that has affected the New York judgment. It has been held that the limitation laws of this state apply with equal force to foreign contracts, judgments, etc. (Eborn v. Zimpelman, 47 Tex. 517, 26 Am. Rep. 315), and that the statute affects simply the remedy in an action for debt (Fievel v. Zuber, 67 Tex. 279, 3 S. W. 273; Goldfrank v. Young, 64 Tex. 436; Blackwell v. Barnett, 52 Tex. 333; De Cordova v. Galveston, 4 Tex. 480). The debt, although barred, is a sufficient basis for a new judgment, and it may be relied on for recovery unless the bar of the statute is specially pleaded. Gathwright v. Wheat, 70 Tex. 742, 9 S. W. 76; Dickinson v. Lott, 29 Tex. 178. It will be seen by article 5706 that limitation is not available unless pleaded. So we conclude that, in so far as limitation is concerned, the judgment was merely dormant and would support a new judgment here, if that were the only obstacle.

[3] The laws of this state do not provide for permanent alimony, and if left to measure the case under our own law, which we must do in the absence of pleading and proof that such a judgment is valid and binding and enforceable in New York, are we not driven to the conclusion that there is not a sufficient showing made upon which to base a judgment? It is not pleaded nor proven that under the New York law such a judgment as that sued on is not subject to the control of the court rendering the same. The petition alleges "that said judgment was not appealed from nor writ of error sued out, but that the same is in full force, virtue, and effect." The decree introduced contains this paragraph: "And it is further adjudged and decreed that after the expiration of one year from the date hereof the plaintiff may apply for an increase or the defendant apply for a decrease of the alimony fixed herein upon showing a change in the financial condition of the defendant."

[4] The plaintiff says no application has ever been made to the court, which rendered said decree, for a modification thereof, and that it has not been modified or vacated. In the absence of allegation and proof of the New York law, we are left to proceed under our own law and will assume that the laws of the two states are the same and to be measured by our own rules. Herndon v. Vick, 18 Tex. Civ. App. 583, 45 S. W. 852; Gill v. Everman, 94 Tex. 209, 59 S. W. 531; Blethin v. Bonner, 93 Tex. 141, 53 S. W. 1016; Railway v. Moody, 71 Tex. 614, 9 S. W. 465; Porcheler v. Bronson, 50 Tex. 555; Bradshaw v. Mayfield, 18 Tex. 21.

165 S.W.—58

[5, 6] It is well settled that when the laws of another state are relied on in this state they must be alleged and proven. Armendiaz v. Serna, 40 Tex. 304; W. U. Tel. Co. v. Russell, 12 Tex. Civ. App. 83, 33 S. W. 708; Anderson v. Anderson, 23 Tex. 641. Our courts do not take judicial notice of the laws of other states; but, where the statutes of another state are pleaded and proven, the courts of this state will refer for its construction to the reports of decisions of that state. Cavazos v. Trevino, 35 Tex. 165; Andrews v. Hoxie, 5 Tex. 193; Powell v. De Blane, 23 Tex. 75.

There is no allegation in this case that the decree is final, nor is it made to appear either from the pleading or from the proof that the matured installments under this decree are not subject to be modified, set aside, or changed by the court rendering the same. The decree affirmatively shows that a modification may be applied for after one year. The installments here sued for are past due according to the decree, but it has not been pleaded and proven that the judgment is not still subject to the control of the court. If it is, then it is not a final judgment. This is a burden resting on plaintiff to plead and prove all the things necessary to establish the judgment here so that it may be enforced. In the case of Page v. Page, 189 Mass. 85, 75 N. E. 92, 4 Ann. Cas. 296, this same question came before the Supreme Court of Massachusetts. It was there pleaded, just as in this case, that the decree "still stands unreversed and in full force." There was no allegation that the decree was not subject to modification by the court which rendered it. As to the necessity of such an allegation, the court said: "It is true that there is an allegation that the decree 'still stands unreversed and in full force,' but that is not an allegation that it is final. It is not an allegation as to the nature of the decree, but simply that its nature has not been changed. As the question comes to us upon demurrer, we have no information before us as to the law of Maine; but in view of the general character of such decrees, and the general rule that they are subject to the revision of the respective courts which pass them, we cannot upon demurrer to this bill assume that the decree is final. If the plaintiff contends that it is, there should be in the bill some such allegation, as there was in Brisbane v. Dobson, 50 Mo. App. 170, namely, that there is no authority in the court to reverse or modify the decree. So far, therefore, as the plaintiff relies upon this constitutional provision, she has not stated a case. So far as, independently of that provision, she asks the assistance of this court as in a case of foreign judgment, she is met by the same difficulty. It does not appear that she has any positive or final decree for the payment of a sum certain, or which can be made certain. The fair construction of the bill, taken in connection with the nature of the decree, is that she has no such final decree. For aught that appears, the Maine court upon application might revise the decree and decline to issue any process for the collection of any sum whatever. The demurrer therefore must be sustained."

Since we conclude that it was necessary to sustain the action that the plaintiff allege and prove the judgment, that it was final and not subject to revision, the case was not made out, and the court did not err in entering judgment for defendant.

The judgment is affirmed.

## On Motion for Rehearing.

We see no reason to change our holding with respect to the necessity of pleading and proving that the judgment sued upon comes within the class of judgments to which full faith and credit must be given. As stated by us in the original opinion, we cannot aid the judgment by applying our law because the same does not permit judgments for permanent alimony. The question, then, is whether the party asking that full faith and credit should be given to a judgment for future installments of alimony should be required to show affirmatively by pleading and proof that such judgment is one falling within the first class described in the case of Sistare v. Sistare, 218 U. S. 1, 30 Sup. Ct. 682, 54 L. Ed. 905, 28 L. R. A. (N. S.) 1068, and not one falling in the second class described in said case, namely, one rendered in a state in which under its laws the right to receive the alimony is discretionary to such an extent that no absolute or vested right attaches to receive the installments, even though no application to annul or modify the decree had been made prior to the installments becoming due. We think that in this character of case such laws must be pleaded and proven, or else the court cannot determine that the judgment is one to which full faith and credit must be given. The issue is clear cut, whether this is a matter to be shown by plaintiff, or whether defendant must, if relying upon such laws, show the same as matter of defense. We are of the opinion that he who presents the judgment showing on its face that it is for future installments of alimony and asks that full faith and credit should be given thereto should show that the law of the state makes such installments final, and not subject to modification after their accrual.

[7] However, we conclude that, having held that no cause of action was stated in the petition, it would not be proper to affirm the judgment. A general demurrer was filed, and was either overruled or not presented. The record shows no disposition thereof. Plaintiff should not be deprived of an opportunity to amend, such as she would have had, if the defect in her petition had been called to her attention in the trial court. Defendants must press their demur-'

rers and exceptions in the trial court. If they do not, and fundamental errors are noticed, justice requires that the case be reversed so as to give plaintiff the same opportunity to amend which he would have had if the defects had been pointed out below. Cooper v. Marchbanks, 22 Tex. 1; Jirou v. Jirou, 136 S. W. 498; Mullaly v. Ivory, 30 S. W. 259; Scanlon v. Railway Co., 86 S. W. 931.

The motion for rehearing is granted, and the judgment is reversed and remanded.