## WM. E. PEGRAM ET AL. V. GIDEON OWENS.

(Case No. 1877.)

1. JURISDICTION — VENUE — STATUTE CONSTRUED — PROOF FOR REGISTRATION. — Suit was brought in Texas by a non-resident plaintiff, against a non-resident defendant, both of whom had once been partners, to prove up for record (under art. 4354, R. S.) an instrument in writing which on its face certified that the defendant had given up to plaintiff all claims which once belonged to both, and also all claims to land which belonged to both. The firm did own lands in Texas, but not situate in the county where the suit was brought. On plea to the jurisdiction in the nature of a plea in abatement, calling in question the power of the district court to adjudicate upon the subject-matter, *held:*

(1) The statute in such a case does not fix the venue, and the parties being non-residents, having no domicile in Texas, the venue must be determined by general rules applicable to the matter, independent of statute.

(2) The cause of action was not local, but transitory, though the result of the action might, on some future contingency, affect the title to land, indirectly.

(3) The cause of action was one regarding which jurisdiction could be exercised in the district court of any county in which service could be obtained on the defendant, or where he might appear and, by making defense, waive service.

(4) The instrument was such as, in so far as it conveyed land, was entitled to be admitted to record, if properly authenticated; and the fact that on its face it attempted to dispose of choses in action could not affect the right to have it recorded as an entirety.

APPEAL from Harrison. Tried below before the Hon. A. J. Booty.

*John T. Pierce* and *William Steadman,* for appellants.

*R. S. Hightower,* for appellee, cited: R. S., arts. 1198, 4331, 4354.

STAYTON, ASSOCIATE JUSTICE.— This action was brought by the appellee against the heirs of W. A. Pegram to prove for record, under article 4354, Revised Statutes, an instrument in writing purporting to have been executed to Gideon Owens by W. A. Pegram, which is as follows:

"GREENWOOD, LA., February 4, 1869.

"This is to certify that I have given G. Owens up all the claims belonging to Pegram and Owens. I have also given him up all my claims on any lands belonging to said Pegram and Owens, we having settled up the old business in full.       W. A. PEGRAM."

The parties plaintiff and defendant were all non-residents of this state, but it appears that the firm of Pegram & Owens, which was composed of W. A. Pegram and Gideon Owens, owned lands

in this state, and that they also had demands for money against persons here resident, one of which was reduced to judgment, but the others were barred by limitation at the time this action was commenced.

None of the lands which had belonged to the firm were situated in the county in which this action was brought, but some of the persons indebted to it resided there.

It was urged in the court below, as here, that the district court for Harrison county had no jurisdiction to try the cause, for the reason that all the parties were non-residents of this state, and none of the lands situated in Harrison county.

This objection was overruled, and the cause was tried without a jury, resulting in a judgment establishing the instrument for record.

There was no objection made as to the manner in which the parties defendant were brought before the court, and, so far as we can know from the record, they may have been temporarily within the state and here served with process.

They made defense, and only called in question, by plea in the nature of a plea in abatement, the jurisdiction of the district court for Harrison county over the subject-matter of the action.

We do not understand the appellants to deny that some district court in this state may legally authenticate the instrument for record upon proper proof; and it seems to us that such jurisdiction exists; for the instrument, the proper execution of which is the question to be determined, is so intimately connected with real property situated here, to which it relates, that it affects or may affect its title.

The courts of no other state could give the relief sought.

The statute declares that "any person interested under any instrument in writing entitled to be proved for record may institute an action in the district court against the proper parties to obtain a judgment proving such instrument" (R. S., 4354), and in the succeeding article provides for the registration of such instrument when so proved.

The instrument was informal, and it has been heretofore held that in this class of cases the constitution gave to the legislature the power to confer jurisdiction upon the courts to give effect to such informal instruments upon proper proof of their execution. Constitution, art. III, sec. 56; Johnson v. Taylor, 60 Tex., 366.

The question made in this case is one of venue.

The statute does not attempt to fix the venue of cases except in cases in which the defendant is an inhabitant of this state and here

domiciled (R. S., 1198, with its several subdivisions), except as this matter may be regulated by the act of March 31, 1885 (General Laws, p. 79), which can have no application to this case.

The statute not declaring the venue in cases of this character, the parties being non-resident and having no domicile here, the question of venue must be determined by the general rules applicable to the matter in the absence of a statute.

The present action is not one in which the cause of action is classed as *local;* for the cause of action is not one which could only have arisen in a particular place. 1 Chitty's Pleading, 269.

Other causes of action are said to be transitory, and we are of the opinion that the immediate cause of action in this case is of that character, although the result of the action may, in some contingency in the future, indirectly affect the title to land, which can be litigated only where the land is situated, if the defendant insists upon his right so to have it.

In this class of cases we believe the true rule to be, that the cause may be tried in any place where service can be made on the defendant, or where he appears and makes defense, thereby waiving service. Genin *v.* Grier, 10 Ohio, 213.

Whether the instrument, in so far as it purports to transfer claims other than for land, could have been properly admitted to record under art. 4331, R. S., had the instrument been properly authenticated, may admit of doubt. Burnham *v.* Chandler, 15 Tex., 443; Johnson *v.* Brown, 25 Tex. Sup., 127. But be this as it may, the instrument, in so far as it concerned land, was such as, if properly authenticated, was entitled to be admitted to record.

If recorded, the entire instrument would have to be recorded, notwithstanding the record might have no effect as to claims other than claims to land conveyed by the instrument.

We find no error in the judgment and it is affirmed.

AFFIRMED.

[Opinion delivered October 13, 1885.]