THE WESTERN UNION TELEGRAPH COMPANY v. R. H. STEPHENS.

No. 74.

**1. Damages for Mental Anguish—Telegraph Company.**—In an action against a telegraph company for failing to forward a message summoning a physician to attend plaintiff's sick child—the physician being the grandfather of the child, and his arrival being thus delayed four days, and until the child was beyond help—plaintiff is entitled to compensation in damages, not for the mental suffering which resulted from the sickness and death of the child, but for the superadded pain and anguish which resulted from the physcian's absence until too late to afford any relief.

**2. Contributory Negligence—Charge of Court.**—The court submitted the issue of contributory negligence on the part of plaintiff, and the jury found in his favor on this point.   The record contains no evidence of contributory negligence on the part of plaintiff's wife which would not show equal or greater negligence on his part.   *Held*, that no injury resulted to defendant from the failure of the court to give a requested instruction as to contributory negligence on the part of the wife.

**3. Verdict not Excessive.**—A verdict for $1000.25 in this case in favor of plaintiff for the mental suffering resulting from failure to forward the message held not excessive.

APPEAL from Cooke.   Tried below before Hon. D. E. BARRETT.

*W. W. Wilkins*, for appellant.— 1.  The mental suffering in this case afforded no cause of action.   Rowell v. Tel. Co., 75 Texas, 26; Railway v. Hurley, 74 Texas, 593; Tel. Co. v. Kendzora, 77 Texas, 257; Tel. Co. v. Cooper, 71 Texas, 507.

2.  The court erred in his charge, in confining negligence to the plaintiff alone, instead of including the negligence of the wife, for whose suffering

damages were also sought in this case.   Tel. Co. v. Neill, 57 Texas, 283; Womack v. Tel. Co., 58 Texas, 176; Tel. Co. v. Sheffield, 71 Texas, 570.

*Potter, Potter & Mathis*, for appellee.—The amended petition presented a cause of action for which damages are clearly recoverable.   Tel. Co. v. Richardson, 79 Texas, 649; Railway v. Levy, 59 Texas, 544.

STEPHENS, Associate Justice.—This appeal is from a verdict and judgment recovered by appellee in the sum of $1000.25, for the negligent failure on the part of appellant to transmit and deliver a telegraphic message from Ardmore, Indian Territory, to Dr. Howard, at Sanger, Texas.

On September 14, 1890, appellee and his wife having a very sick child at Ardmore, whose name was Maggie, and being desirous of securing the immediate attendance of Dr. Howard, who was a practicing physician at Sanger, and the grandfather of the child, determined to summon him by telegram.   To accomplish this purpose, appellee on that day delivered to appellant's agent, addressed to Dr. Howard at Sanger, the following message: "Maggie is worse.   Come at once."   He paid the usual toll, and informed the agent of the importance of the message and the relationship of the parties.   The agent promised to transmit the message promptly, if not on that evening, which was Sunday, at least early the next morning. He hung it serenely on a hook in the office and no further attention seems to have been paid to it.   The distance to Ardmore was about 60 miles, and there were two trains a day each way.   Appellee met each of these trains for four days in expectation of the arrival of Dr. Howard.   He did not send an additional message till the 18th, in response to which Dr. Howard, early on the morning of the 19th, arrived at Ardmore.   The excuse for not sooner sending this message on the part of appellee was, that as Dr. Howard was a practicing physician, he supposed that owing to absence from home he had not received the first message.   The child having steadily grown worse, was on the arrival of Dr. Howard entirely beyond the reach of medical aid, and died on the 21st of September.

We conclude from the evidence contained in the record:

1.   That appellant was guilty of gross negligence in failing to transmit and deliver the message.

2.   That the absence of Dr. Howard for the space of four days was the proximate result of this negligence.

3.   That thereby the mental anguish of appellee and his wife on account of the sickness and death of their child was materially augmented.

4.   That this increased mental suffering did not result from contributory negligence on their part.

5.   That the amount of the verdict was not in excess of a reasonable compensation for the injury sustained.

The measure of damages alleged by appellee was compensation, not for the mental suffering which resulted from the sickness and death of the child, but for the superadded pain and anguish which resulted from the absence of Dr. Howard until it was entirely too late to afford any relief. This distinction was clearly made in the pleadings, to which appellant excepted, and also in the court's charge, to which objection is made. We conclude therefore that no error was committed in overruling the exceptions to appellee's pleading, nor in the charge on the question of the measure of damages.    Tel. Co. v. Richardson, 79 Texas, 649.

In submitting the question of contributory negligence, appellant contends that the court erred in limiting that defense to the conduct of appellee, and in not giving, as requested by appellant, a charge which included also the contributory negligence of appellee's wife as a defense to the action. We find in the record no evidence of any contributory negligence on her part which would not show equal or greater negligence on the part of appellee. That is to say, the jury could not have found that appellee was free from contributory negligence without also finding that his wife was without negligence. We conclude that no injury resulted to appellant by the failure of the court to give the requested instruction on this branch of the case, the court having charged that the contributory negligence of appellee would preclude a recovery. We think the charge of the court as a whole contains a clear and fair statement of the law applicable to the issues developed, and that the several assignments of error complaining of charges given and refused are not well taken.

The action of the court in overruling the motion for a continuance, and in refusing to require appellee to give a cost bond, was manifestly not to the prejudice of appellant, and hence the eighth and ninth assignments of error are not well taken. The assignments of error complaining of the incompetency and insufficiency of the evidence are likewise without merit.

This disposes of all the assignments of error except the one which complains that the verdict of the jury is excessive. Appellant contends that such a verdict would not have been given against an individual upon the same state of facts, and that the fact that appellant was a corporation swelled the amount. We do not assent to this proposition. It seems to us that if a jury had not rendered a verdict under the same facts against an individual for an equal amount, that they might with great propriety have done so. The inherent difficulty of compensating for such an injury in money is fully realized, but the amount allowed in this case does not shock the conscience.

The judgment will therefore be affirmed.

*Affirmed*

Delivered January 17, 1893.