## WESTERN UNION TELEGRAPH CO. v. J. C. RUSSELL.

### · No. 996.

**1.  Jurisdiction—Action Arising in Another State—Objection too Late.**

Where a foreign corporation doing business in Texas appears and defends an action of damages against it, brought in Texas by a citizen of another State for failure to fulfil a contract wholly to be performed in such other State, it cannot, for the first time on appeal, and as being fundamental error, object to the action of the trial court in taking jurisdiction; and a demurrer to plaintiff's petition, urging such objection to the jurisdiction, is of no avail—where it was not called to the attention of the trial court, and there is no assignment of error presenting such jurisdictional objection.

**2.  Foreign Law Must be Proved.**

Where the law of another State is relied on as prohibiting a recovery against the defendant, it should be proved, and should be presented in the record on appeal, in order to avail as a ground for reversal.

**3.  Telegraph Company—Verdict not Excessive.**

A verdict of $1500 against a telegraph company for negligently failing to deliver a message sent by a father, asking for medical aid and attention for a sick child, is not excessive, where, by reason of such failure, medical aid did not reach the child until too late to save its life.

APPEAL from Bowie. Tried below before Hon. JOHN L. SHEPPARD.

*Field, Brown & Camp,* for appellant.—1. Before dealing with the errors assigned, we believe there is a fundamental error that disposes of the case, to which we desire to call the attention of the court.  The court erred in entertaining jurisdiction of the case, because the contract was made in Arkansas, by a citizen of that State, and the breach of the contract occurred solely in that State, and there was no allegation that under the laws of Arkansas, a suit could be maintained for the damages sought to be recovered in this action. Railway v. McCormick, 71 Texas, 660; Railway v. Richards, 68 Texas,· 375; Willis v. Railway, 61 Texas, 434.

2. The judgment of the court is excessive and not warranted by the evidence.  Tel. Co. v. Berdine, 2 Texas Civ. App., 517.

*H. C. Hynson and . Scott & Jones,* for appellee.—1. The Appellate Court will not reverse a judgment because the damages alleged were sustained in Arkansas, the cause of action not being dependent on a statute of that State.  Telegraph Co. v. Phillips, 2 Texas Civ. App., 615; S. C., 21 S. W. Rep., 638.

2. The judgment of the court is warranted, and amply supported, by the evidence, as to the amount of the recovery.  Tel. Co. v. Richardson, 79 Texas, 649; Tel. Co. v. Stephens, 2 .Texas Civ. App., 129; Tel. Co. v. Piner, 29 S. W. Rep., 66; Tel. Co. v. Evans, 23 S. W. Rep., 898.

LIGHTFOOT, CHIEF JUSTICE.—Appellant's statement of the case is substantially correct, and is adopted, as follows: "This suit was brought July 3, 1893, by appellee, J. C. Russell, then and now a resident of the State of Arkansas, against the appellant, Western Union Telegraph

Company, to recover damages for negligence in transmitting and delivering a message, filed August 23, 1892, at Garland, Miller County, Arkansas, addressed to Drs. Henry or Bright, New Lewisville, Arkansas, reading: 'Come to my place at once.' Signed by J. C. Russell.

"It appears that at the time of sending said message, plaintiff's child was sick, and that its object was to procure medical attendance for the child; that the addressees of said message were appellee's family physicians, and that he had an agreement with them that they, or one of them, would come to his place on the fast train in answer to a telegram requesting their presence; that appellant's agent was informed, at the time he accepted the message for transmission, that appellee's child was very sick, and that the object of the message was to procure medical aid and attention for his said child; that appellant failed to deliver the message to either of the addressees. Neither of the addressees having come to appellee's home in response to the message, appellee, on the day after sending the message, went to appellant's office at Garland to send another message to Drs. Henry and Bright, when he was assured by appellants' agent that the message had been promptly sent and delivered, and that there was no necessity for sending another message. Relying on this statement of the agent, he declined to send another message. The doctors, nor either of them, arriving on the next day, he sent a messenger to New Lewisville, who brought Dr. Chisholm, but when he arrived the child was beyond the reach of medical aid, and died on the next day, and that by reason of appellant's negligence he suffered great mental anguish and distress because of his son's being deprived of medical attention, and by being compelled to witness his said son's suffering for want of medical attention, to his (appellee's) damage, $1,995.

"The appellant, in the court below, plead a general demurrer, and also three special exceptions: (1) It appears (from said petition) that defendant is a private corporation, other than a carrier of goods and passengers, and as such corporation, is not liable under the laws of Arkansas for causing the death of any person. (2) It appears from said petition that plaintiff's cause of action, if any, arose wholly within the State of Arkansas, and it does not appear that such cause of action is given under the statute laws of Arkansas, nor that the laws of Arkansas are similar to Texas in conferring the rights and remedies and procedure and measure of damages in cases of death caused by wrongful act or default. (3) The petition is insufficient in law—1, it does not appear therefrom that defendant caused the death of the child therein named; 2, it does not appear that under the laws of Arkansas the plaintiff would be entitled to recover damages for grief, distress or mental anguish if the matter stated in said petition were tried.

"These exceptions were followed, first, by general denial; second, a plea that appellant had no notice of the object and purpose of the message other than that shown on its face; and third, that the contract

was made in Arkansas, and was wholly to be performed in said State, and that under the laws of that State, and their construction by the Supreme Court, no such damages as those sought to be recovered can or could be recovered."

A trial amendment was filed, in which plaintiff says: "That by reason of the failure of the defendant to promptly send and deliver said telegram, and the failure by reason thereof of Dr. Bright or Dr. Henry coming to his house to attend and minister to his sick child, plaintiff suffered great mental anguish, to his damage in the sum of nineteen hundred and ninety-five dollars, and for the further price of his message, 25 cents, for which he prays judgment."

To this appellant plead the statute of limitation of one year, by exceptions and plea.   The record does not disclose that any of the demurrers or exceptions to the pleading were acted upon by the court below, or that such action was called for by the parties.

The trial, being by the court, resulted in a judgment in favor of appellant for the sum of $1,500.25, from which this appeal is prosecuted.

The facts proved and the judgment of the court thereon authorize our conclusions:   That on August 23, 1892, appellee had a very sick child, as set out in his petition, and sent a telegraphic message over the lines of appellant (it having notice of the child's sickness and of the importance of the message) from Garland, Arkansas, to Drs. Henry and Bright, at New Lewisville, Arkansas, paying the usual price therefor, and requesting such doctors to come to his place at once.   That the place of appellee referred to was about one mile from Garland, and he had previously arranged with said doctors for one of them to come to this place promptly, when he should telegraph to them or either of them. That appellant negligently failed to transmit and deliver the message with reasonable dispatch, and on account of such negligent failure neither of said physicians went to attend upon his child, which died a few days afterward.   That if said message had been transmitted and delivered within a reasonable time, one of the physicians would have responded promptly to it by going to see appellee's child and attending it in its illness.   That by reason of the failure of appellant to deliver such message, and the failure of such physicians, or either of them, to attend to appellee's child in its illness, he suffered mental distress and was damaged to the amount recovered below.

Appellant presents as a fundamental error, that "the court erred in entertaining jurisdiction of the case, because the contract was made in Arkansas by a citizen of that State, and the breach of the contract occurred solely in that State, and there was no allegation that under the laws of Arkansas a suit could be maintained for the damages sought to be recovered in this action."

If the court had the power in any state of the case to hear and determine the controversy, this does not present a fundamental error.   There

was no plea to the jurisdiction in the court below, but the appellant appeared and answered to the merits.

There may be some question of the propriety of our courts allowing themselves to be made the dumping grounds for litigants of other States, where the parties and witnesses reside there—the cause of action arose there—the contract was to have been performed there, and the courts of that State are open to them; and in such cases there can be no reasonable ground for seeking this jurisdiction in order to get the advantage of some more favorable ruling than the decisions of their own State afford them.  The doctrine of comity certainly should not be strained to load down our already crowded dockets with such cases.  The doctrine that transitory actions for personal injuries may be brought wherever the wrongdoer is found is quite firmly established, and is fully recognized in our State.  Morris v. Railway, 78 Texas, 17; Willis v. Railway, 61 Texas, 432; Railway v. Richardson, 68 Texas, 375; Reno on Non-Res., secs. 40, 41, and authorities there cited; Bish. on Non-Con. Law, secs. 1276-1282.  It is also settled by a long line of authorities that contracts entered into in one State may be sued upon and enforced in another State; though the right of the State having jurisdiction of the parties, in a proper case, to enjoin proceedings in a sister State has also been recognized by high authority.  See Cole v. Cunningham, 133 U. S., 107.  In that case, Chief Justice Fuller gives a lengthy review of the authorities, and on page 121 refers to "the case of Densmore v. Neresheimer, 32 Hun., 204, where the Supreme Court of New York held that an express company could maintain an action in New York to restrain the defendant, a resident of the State of New York, from prosecuting actions against the company in the District of Columbia, brought to avoid a decision of the Court of Appeals of New York, differing from the rule upon the same subject in the District of Columbia."  See also Reynolds v. Adden, 136 U. S., 354; 93 U. S., 73; 93 U. S., 664; 86 Pa. St., 291; 16 Pick, 335.

We have not access to the case reported in 32 Hun., and do not know upon what ground the decision was based.  There can be no doubt, under the great weight of authority, of the right of a citizen of one State to institute suit in another State against a defendant found in the latter for breach of a contract in the former State. Pegram v. Owens, 64 Texas, 475; Morgan v. Neville, 74 Pa. St., 52; Barrell v. Benjamin, 15 Mass., 354; Peabody v. Hamilton, 100 Mass., 217; Morris v. Railway, notes, 22 Am. St. Rep., 22; Rorer on Interstate Law, 277.  But Mr. Wharton, in his Conflict of Laws (2 ed., 707), says: "Where litigation is expensive, or the laws inauspicious, the subjects of one country may succeed in throwing on the courts of another country the burden of cases in which the thing contested, as well as the parties contesting, are foreign, and which the courts thus appealed to were not organized to undertake. Lately, while acknowledging the principle, there has been a growing tendency to narrow its application."

Under section 2, article 4, of the Constitution of the United States, the "citizens of each State shall be entitled to all privileges and immunities of citizens in the several States."

In referring to this clause, Chief Justice Fuller says: "The Constitution did not mean to confer any new power on the States, but simply to regulate the effect of their acknowledged jurisdiction over persons and things within their territory." Cole v. Cunningham, 133 U. S., 112.

We fully realize the difficulties and embarrassments which may grow out of an unbridled exercise of "comity," and which ought to be remedied by statute, if practicable, without a resort to injunction in the courts of equity, as seems to be suggested by the Supreme Court of New York, but in this case, where both the parties have voluntarily submitted to the jurisdiction, and one of them, although a foreign corporation, is doing business in this State, and makes the point for the first time in this court, as a fundamental error, without an assignment of error, after taking its chances for a judgment below, the appellant is in no position to invoke a remedy.

2. The next assignment of error is, that "the court erred in failing to render judgment for defendant, because no damage was shown other than mental distress, which alone does not authorize a recovery under the laws of Arkansas, which control this case."

The cause of action is not based upon any statute of this State, and if there is any law or statute of Arkansas prohibiting a recovery in such cases, it has not been presented in the record.

3. The only remaining assignment presented by appellant is, that the judgment is excessive and not warranted by the evidence. The facts proved are sufficient to authorize a recovery under the decisions of this State. It was clearly shown that appellee sent the message and paid for it; that appellant negligently failed to deliver it, and that appellee suffered damage by reason of such failure. The trial was before the court without a jury, and while the amount of damages awarded was quite liberal, yet the court was clearly not influenced by passion or prejudice, and, under the circumstances, we can not say that it was excessive.

The judgment is affirmed.

*Affirmed.*

Delivered December 14, 1895.

Writ of error refused.