### L. T. BOWMAN v. D. C. FLINT.

Decided October 29, 1904.

**1.—Jurisdiction—Both Parties Nonresident.**

Where a nonresident brings in this state an action for damages to personal property against a defendant who is also a nonresident, but who carries on business in the State and is personally served with process in the county where the suit is brought, the court has jurisdiction to determine the controversy, although no property of the defendant is brought within the jurisdiction of the court by attachment or other such process.

**2.—Same—Transitory Actions.**

Where the cause of action is transitory the case may be tried in any place where service can be had on the defendant, or where he appears and makes defense, thereby waiving service.

Appeal from the District Court of Hemphill. Tried below before Hon. B. M. Baker.

*Willis & Willis* and *H. E. Hoover,* for appellant, cited on the question of jurisdiction: Campbell v. Wilson, 6 Texas, 391; Ward v. Lathrop, 11 Texas, 290; Telegraph Co. v. Russell, 33 S. W. Rep., 708; American Well Works v. De Agreayo, 53 S. W. Rep., 352.

*W. D. Fisher,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—The following is appellant's statement of the case, which is accepted by appellee: "This suit was instituted by appellant, L. T. Bowman, in the district court of Hemphill County, Texas, on November 13, 1903. The original petition stated in substance that the plaintiff resided in Roger Mills County, O. T., and the defendant in Hemphill County, Texas; that on or about the ——

day of February, 1903, and at the date of the institution of this suit, defendant, D. C. Flint, was and still is the owner of section No. 64, block 41, situated in Hemphill County, Texas, and is doing business in said county, renting lands and other property and loaning money in said county of Hemphill; that defendant negligently left open and unmarked a well or hole on said section of land about seventy-five feet deep on or near a public road running across the same; that plaintiff, without negligence on his part, while attempting to travel said road, the same being unfenced, and by reason of the road being obstructed by snow, and without any knowledge of the existence of said hole or well, drove into the same, whereby his horses and harness of the value of $500 were lost, having fallen into said well, a distance of seventy-five feet; that by reason of the negligence on the part of said defendant in permitting said dangerous hole or well to remain without mark or anything to indicate its presence, defendant became liable for the damages sustained by plaintiff. Plaintiff asked for judgment in the sum of $500. Service was had by personal service on the defendant in Hemphill County. The defendant, D. C. Flint, filed his first amended original answer on January 11, 1904, consisting, among other defenses, of a sworn plea to the jurisdiction by reason of the fact that both plaintiff and defendant were nonresidents of the State of Texas, and resided in the Territory of Oklahoma at the time the damages were alleged to have been received. The truth of this plea was submitted to the court upon evidence taken without the intervention of a jury. The court, after hearing the evidence upon the plea to the jurisdiction of the court, found in favor of said plea, and entered judgment dismissing the suit."

The court rendered judgment on the following conclusions: "The question raised by the petition and the plea to the jurisdiction as to whether or not defendant, D. C. Flint, was at the institution of the suit a nonresident of Texas, and is so now, having been submitted to the court by agreement of counsel on both sides, before going further into the case, I find that when the suit was instituted he was not a resident of Texas, but was a resident of Oklahoma Territory, has remained so, and is so now.

"*Conclusions of Law.*—This court has no jurisdiction to try and determine a controversy between persons all of whom are nonresidents of the State of Texas, and in which, the suit being for debt or damages, no property of defendant has been brought within the jurisdiction of the court by process, and both the plaintiff and defendant being nonresidents and the court having jurisdiction of no property of defendant by attachment, sequestration or otherwise, it is ordered that the cause be dismissed."

It thus distinctly and affirmatively appears that the district judge dismissed the suit because he was of opinion that the court·was without power to hear and determine it, and not because he was of opinion that the court, in the exercise of judicial discretion, ought not to entertain it. In so holding we think the court erred. The cause of action was clearly within the general jurisdiction of the courts of Texas, as defined by the constitution and statutes. It is equally clear that the court in

this instance had jurisdiction of the parties to the controversy, as well as of the subject-matter, the plaintiff having voluntarily come into court to obtain redress, and the defendant having voluntarily come into Hemphill County, where the suit was instituted and where he was duly served with process as a resident of that county, to say nothing of his personal appearance in the case, which, however, may not have been voluntary, as the appearance of the defendant was held to be in York v. State, 73 Texas, 651. It matters not that defendant was a citizen of Oklahoma, since he voluntarily came to this state and was found and duly served in Hemphill County. The rule on the subject is thus correctly stated in Encyclopedia of Pleading and Practice, vol. 12, p. 145: "A nonresident, however, merely by reason of his nonresidence, is not exempt from the jurisdiction of a court, if he is within the territorial limits of such jurisdiction and can be served with process, or if he appears in the action voluntarily"; in support of which several cases are cited. Among them is the case of Marquardt v. Thompson, 78 Iowa, 158, which sustains the text. Some of the others are not accessible. The court may have concluded that inasmuch as our venue statute prescribes the venue of suits by residents against nonresidents, and makes no provision for suits by nonresidents against nonresidents, the legislature intended that no jurisdiction should be taken in the latter class of cases. But, as said by Justice Stayton, in Pegram v. Owens, 64 Texas, 475, in which the cause of action was transitory, and in which, though the parties plaintiff and defendant were all nonresidents of the state, the jurisdiction of the District Court of Harrison County was sustained: "In this class of cases we believe the true rule to be that the cause may be tried in any place where service can be had on the defendant, or where he appears and makes defense, thereby waiving service," citing Gerim v. Grier, 10 Ohio, 213.

The judgment is therefore reversed and the cause remanded for trial on the merits.

*Reversed and remanded.*