WESTERN UNION TELEGRAPH CO. v. RICHARDS et al.

(Court of Civil Appeals of Texas. Ft. Worth. May 17, 1913. Rehearing Denied June 21, 1913.)

1. TELEGRAPHS AND TELEPHONES (§ 68*)—ACTUAL DAMAGE — REMOTENESS — FAILURE TO DELIVER—DAMAGES—MENTAL DISTRESS.

Mental distress, arising from defendant's negligence in failing to deliver a telegram, re-

sulting in plaintiff's being required, in a strange city, to permit the burial of his wife's remains with money donated by persons charitably inclined, constituted actual damage, which was not too remote to sustain a recovery.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. §§ 69, 70; Dec. Dig. § 68.*]

2. TELEGRAPHS AND TELEPHONES (§ 37*)— MESSAGES—FAILURE TO DELIVER—DEFENSES.

Plaintiff's wife having died in a strange city where plaintiff was without money or friends, plaintiff's father telegraphed, authorizing M. to draw on him for money to be used for plaintiff's benefit in providing a funeral. The telegram was not delivered, and plaintiff was compelled to permit his wife's remains to be buried as the subject of charity. Held, that the fact that the telegram was addressed to M., and not to plaintiff, was no defense to defendant's liability to plaintiff for failure to deliver the message.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. §§ 23, 24, 29, 30, 32; Dec. Dig. § 37.*]

3. TELEGRAPHS AND TELEPHONES (§ 71*)—EXCESSIVENESS — FAILURE TO DELIVER MESSAGE.

Plaintiff's wife having died in a strange city, where plaintiff had neither friends nor funds, plaintiff's father wired M. to furnish plaintiff money to be used for the burial of his wife's remains. The message not having been delivered, the remains were buried as the subject of charity. Held, that a verdict allowing plaintiff $600 for mental anguish was not excessive.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 74; Dec. Dig. § 71.*]

Appeal from Taylor County Court; F. A. Bledsoe, Judge.

Action by Chas. Richards and others against the Western Union Telegraph Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

J. M. Wagstaff, of Abilene, and N. L. Lindsley, of Dallas, for appellant. W. T. Potter, of Merkel, for appellees.

CONNER, C. J. This suit was filed on the 4th day of April, 1912, to recover damages alleged to have been sustained by appellee on account of appellant's failure to seasonably deliver a telegram authorizing Claude Miller to draw money for the use and benefit of appellee. The petition alleged that R. F. Richards, appellee's father, who resided in Merkel, Tex., sent the telegram to Claude Miller, who, together with appellee, was living in Houston, Tex., which authorized Claude Miller to go to the Lumbermen's National Bank of Houston and draw on a national bank of Merkel for $25 for the use and benefit of appellee. It was also alleged that the wife of appellee had died of spinal meningitis, and that the money was needed for the purpose of burying appellee's wife; that appellee was a stranger in Houston, without means, of all which appellant had full notice; that because of appellee's failure to receive the money in time, he was compelled to unreasonably delay his wife's funeral, and finally to suffer the burial of his wife by charitable organizations of Houston, whereby he endured great humiliation and mental distress. Appellant answered by general demurrer, which was overruled, and also by general denial. The case was tried before the court without a jury, and resulted in a judgment in appellee's favor for the sum of $600.

[1] Appellee's petition is not subject to general demurrer for want of an allegation of actual damage, nor because the damages alleged are too remote, as asserted in the first proposition under the first assignment of error. Mental distress such as alleged, naturally arising as a consequence of a negligent failure to deliver a telegram, constitutes actual damages in this state; and, even though such distress may not be first in sequence, if it is a natural consequence of a failure to deliver, and one of which the telegraph company has special notice, as alleged in this case, then the damage is not too remote in a legal sense for recovery. See Stuart v. W. U. Tel. Co., 66 Tex. 580, 18 S. W. 351, 59 Am. Rep. 623; W. U. Tel. Co. v. Simpson, 73 Tex. 422, 11 S. W. 385.

[2] Nor is the petition demurrable on the ground that it appears therefrom that the relief intended to be afforded by the transmission of the telegram was in a sense dependent upon the act of a party other than the beneficiary. Nothing in the petition shows that Claude Miller, to whom the telegram was addressed, would have failed to draw the money as directed, or to deliver it as intended to appellee. On the contrary, it is expressly alleged that he would have done so, and in considering the demurrer the fact is to be so assumed. The fact then that the telegram was addressed to Claude Miller, and that he was to primarily act, presents no such contingency as will defeat a recovery. See W. U. Tel. Co. v. Lyman, 22 S. W. 656; W. U. Tel. Co. v. Gossett, 15 Tex. Civ. App. 52, 38 S. W. 536, in which writ of error was refused. The first assignment and all propositions thereunder are accordingly overruled.

There is no merit in the contention that, because the subject-matter of the telegram was the transmission of money, the damages claimed were too remote. As alleged, and as shown by the evidence, the consequences were easily within the contemplation of the parties, and in such cases whatever may be the subject-matter of the telegram, a breach of the contract for due submission and seasonable delivery gives a right of action for the proximate results. W. U. Tel. Co. v. Sheffield, 71 Tex. 570, 10 S. W. 752, 10 Am. St. Rep. 790; W. U. Tel. Co. v. Simpson, 73 Tex. 422, 11 S. W. 385; Martin v. W. U. Tel. Co., 1 Tex. Civ. App. 143, 20 S. W. 860; W. U. Tel. Co. v. Williford, 2 Tex. Civ. App. 574, 22 S. W. 244.

The evidence undoubtedly sustains the ma-

terial allegations of appellee's petition. The fact that the decent burial of appellee's wife was accomplished by the aid of two charitable women of Houston, without an affirmative showing that they were acting for charitable organizations, can make no difference. The material, distressing fact was that the wife's body of necessity was treated and buried as a subject of charity, and that the husband was deprived of contributing those last testimonials of love so naturally prompted by the circumstances. These results were in no wise altered, nor the mental distress thereby occasioned in any wise lessened, by the further fact that appellee received the money after it was too late to apply as intended, and later used it for other purposes. Appellant's third assignment is accordingly overruled.

[3] The final complaint is that the judgment is excessive, but in this, too, we must differ from appellant's contention. The evidence shows that appellee was moneyless, in a strange city; that he was sorely grieved over the death of his wife, with an infant child left in his care; that as a result of gross negligence on the part of appellant's servants he failed to receive in due time the money that he otherwise would have received, and was compelled to suffer many hours because of his inability to properly care for the inanimate form of his wife, and finally to have her buried as the pauper is buried. Nothing in the evidence indicates that in assessing the damages the trial court acted under the impulse of passion or prejudice, and many cases might be cited where, under circumstances no more painful, verdicts of equal or greater amount have been sustained. W. U. Tel. Co. v. Broesche, 72 Tex. 654, 10 S. W. 734, 13 Am. St. Rep. 843; W. U. Tel. Co. v. Stephens, 2 Tex. Civ. App. 129, 21 S. W. 148; W. U. Tel Co. v. Russell, 12 Tex. Civ. App. 82, 33 S. W. 708; W. U. Tel. Co. v. Cooper, 20 S. W. 47.

We conclude that all assignments of error must be overruled, and the judgment affirmed.